U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 12 2008

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JESUS GARCIA JR., | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:08-CV-388-A |
| | § | (NO. 4:06-CR-029-A) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of Jesus Garcia Jr. ("Garcia") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The government responded on July 18, 2008, and Garcia replied on July 31, 2008.[1] Having reviewed the motion, the government's response, Garcia's reply, the record, and applicable legal authorities, the court concludes that the motion should be denied as to all but one ground, and that a hearing be held as to that ground.

I.

Background

On March 7, 2006, the Grand Jury indicted Garcia on one count of Possession of a Controlled Substance with Intent to Distribute, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Garcia pleaded guilty to the charged offense at his rearraignment hearing on April 28, 2006. The court sentenced Garcia to a term

---

[1] Garcia's reply is titled "Petitioner's Response Brief to Government's Opposition Brief (Traverse Brief)."

of imprisonment of 188 months and a term of supervised release of three years. The Court of Appeals for the Fifth Circuit affirmed Garcia's conviction and sentence on June 13, 2007. United States v. Garcia, No. 4:06-CR-029-A, 231 Fed. App'x. 334, 2007 WL 1725434 (5th Cir. 2007). The Supreme Court of the United States denied Garcia's petition for writ of certiorari on January 14, 2008. Garcia v. United States, 128 S.Ct. 1108 (2008). Garcia timely filed his motion under 28 U.S.C. § 2255 on June 18, 2008.

II.

Grounds of the Motion

Three categories of grounds for relief are alleged in the motion (1) misconduct by the prosecutor, Assistant United States Attorney Christopher Wolfe ("Wolfe"), (2) ineffective assistance of trial counsel, and (3) ineffective assistance of appellate counsel. As to the first ground, Garcia asserts that Wolfe threatened to indict Garcia's wife if she testified at his sentencing hearing. As to the second, Garcia asserts that the legal representation given him by Alex Tandy ("Tandy"), his trial counsel, violated his right to effective assistance of counsel because Tandy failed to (a) correctly explain the law as it related to the facts of his case, rendering Garcia's guilty plea unknowing and involuntary, (b) adequately explain the reason Garcia would testify at his sentencing hearing, and (c) procure a written plea agreement from the government. As to the third, Garcia asserts that the legal representation given by Warren St. John ("St. John"), his appellate counsel, violated his right to

effective assistance of counsel because St. John failed to raise on appeal (a) a claim that Garcia received a sentencing enhancement and lost a sentencing reduction due to perjured testimony by a testifying special agent, and (b) a claim that the court committed a Rule 11 violation because Garcia's plea was unknowing and involuntary.

III.

## Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted, especially where he has already had the opportunity to present his federal claims to a federal forum. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. This standard is a "significantly higher hurdle" than the standard of review on direct appeal. Id. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981).

Conclusory allegations on critical issues in a § 2255 proceeding are insufficient to raise a constitutional issue. <u>United States v. Woods</u>, 870 F.2d 285, 288 n.3 (5th Cir. 1989).

IV.

## Analysis

A. <u>Ground Asserting Prosecutorial Misconduct by the Prosecutor</u>

Garcia asserts that Wolfe engaged in prosecutorial misconduct at his sentencing hearing by threatening to re-indict Garcia's wife if she testified on his behalf at his sentencing hearing. <u>See</u> Supporting Br. at 18-20. However, he fails to show a reason external to the defense for not bringing this claim on direct appeal. Thus, Garcia fails to prove "cause" as required to overcome procedural default. <u>Shaid</u>, 937 F.2d at 232.

Morever, Garcia provides nothing to cause the court to believe that Garcia's wife would have given any testimony that would have caused Garcia to receive a sentence different from the one of which he complains. He does not disclose anything his wife would have said from the witness stand had she been called as a witness under circumstances where there was no concern that by giving testimony she might subject herself to prosecution. Indeed, Garcia makes no showing that his wife would have testified were it not for a threat by Wolfe to prosecute her if she did.

4

B.  Grounds Asserting Ineffective Assistance of Appellate Counsel

Similarly, Garcia is not entitled to any relief on his claim of ineffective assistance of counsel as to the legal representation provided by St. John. To prevail on a claim of ineffective assistance of appellate counsel, Garcia would have to prove both that St. John's legal representation was objectively unreasonable and that, but for St. John's unreasonable failure, there is a reasonable probability Garcia would have prevailed on his appeal. See Smith v. Robbins, 528 U.S. 259, 285 (2000). Appellate counsel has no duty to bring frivolous claims on appeal; the opposite is true. See United States v. Burleson, 22 F.3d 93, 95 (5th Cir. 1994). There is no constitutional right for appellate counsel to pursue nonfrivolous points as requested by his client if counsel makes a professional judgment not to present those points. Jones v. Barnes, 463 U.S. 745, 751 (1983).

   1. Failure to Raise a Claim on Appeal Concerning no Increase in Garcia's Offense Level Because of His Perjured Testimony

This ground is presented by Garcia at pages 21-22 of his supporting brief. Garcia fails to show that St. John's decision to not pursue a claim that Garcia's sentence was improperly enhanced by perjured testimony was objectively unreasonable or that, if such a claim had been pursued, there is a reasonable probability Garcia would have prevailed on appeal.

Had St. John raised this claim on appeal, it would have failed. The correct standard of review for a district court's decision whether to apply Sentencing Guideline § 2D1.1(b)(1) is

5

clear error. United States v. Garza, 118 F.3d 278, 285 (5th Cir. 1997). The same standard of review applies for the district court's factual findings at the sentencing hearing. United States v. Gallardo-Trapero, 185 F.3d 307, 323 (5th Cir. 1999). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." United States v. Holmes, 406 F.3d 337, 363 (5th Cir. 2005). "This is particularly true where a sentencing court's imposition of [an obstruction of justice] enhancement is based, at least in part, upon an evaluation of a witness's credibility." Id. Perjured testimony at a sentencing hearing is a sufficient basis for an obstruction of justice enhancement. United States v. Gonzales, 436 F.3d 560, 586 (5th Cir. 2006).

A review of the record clearly indicates there was a sufficient basis for the court to find that Garcia obstructed justice. The record reflects that the court evaluated Special Agent Benavides's testimony, including his "stretched" point regarding his whereabouts when the gun was actually discovered, and made a credibility determination that Garcia gave perjured testimony. Sentencing Tr. at 20, 22-23. This determination was further supported by Special Agent Gordon's testimony that he found a box in Garcia's closet containing a loaded gun, ammunition, and a digital scale. Sentencing Tr. at 29. Thus, it is not objectively unreasonable that St. John failed to argue this claim on appeal. Further, the court finds there is no reasonable probability that had St. John raised this claim on

appeal, Garcia's appeal would have been successful.[2] Therefore, St. John was not ineffective for failing to raise this claim on appeal.

2. Failure to Raise a Claim on Appeal that Garcia's Guilty Plea Was Not Knowing and Voluntary

Garcia presents this ground at pages 26-37 of his supporting brief. It is without merit. Garcia fails to show that St. John was unreasonable in not urging on Garcia's appeal that Garcia's plea of guilty was not knowing and voluntary. There is nothing in the record to indicate that such a claim would have been successful on appeal. As part of his argument under this ground, Garcia asserts that the court committed a violation of Rule 11 of the Federal Rules of Criminal Procedure by failing to inform Garcia that he faced a ten-year minimum sentence. Garcia also asserts that the government caused the court to violate Rule 11 by causing petitioner to be sentenced for a different type of drug than that included in the indictment.[3]

Rule 11 requires that the court address the defendant personally in open court and inform the defendant of, and make a determination that the defendant understands, <u>inter alia</u>, the nature of the charge to which defendant is pleading; any maximum

---

[2]The Fifth Circuit ruled on Garcia's appeal that this court's findings that the testimony given by Garcia at the sentencing hearing justified an increase in his offense level based on obstruction of justice and a denial of a reduction in his offense level because of lack of acceptance of responsibility. <u>United States v. Garcia</u>, No. 06-10896, slip op. at 2 (5th Cir. June 13, 2007).

[3]Garcia's brief specifically alleges violations under Rule 11(c)(1) and Rule 11(d) of the Federal Rules of Criminal Procedure. However, these rules do not apply to Garcia. Rule 11(c) governs required procedures for a plea agreement, which Garcia did not have. Rule 11(d) governs withdrawing a guilty plea, which Garcia did not try to do. Accordingly, the court addresses Garcia's arguments under Rule 11(b), which governs the court's conduct in considering and accepting a guilty plea.

possible penalty, including imprisonment, fine, and term of supervised release; any mandatory minimum penalty; and that, in determining a sentence, the court is required to calculate the applicable sentencing guideline range and to consider that range and other sentencing factors under 18 U.S.C. § 3553(a). Fed. R. Crim. P. 11(b)(1). The court must also determine before accepting a plea of guilty that the plea is voluntary and did not result from force, threats, or promises. Id. 11(b)(2). Rule 11 does not require the court to calculate and explain how the sentencing guidelines will apply before accepting a guilty plea. United States v. White, 912 F.2d 754, 756 (5th Cir. 1990).

As the record reflects, the court did everything required by Rule 11. Before Garcia entered his plea of guilty, the court informed him "should you decide to plead guilty, your plea of guilty must not be induced or prompted by any promise[], mental pressure, threats, force, coercion or pressure of any kind." Rearraignment Tr. 6. Further, before accepting Garcia's guilty plea, the court asked Garcia whether anyone had made any promise or assurance to him in an effort to induce him to enter into a guilty plea, if he had any kind of deal, understanding, or agreement with the government, or if anyone had mentally, physically, or in any other way attempted to force him to plead guilty. Id. at 18. To all of these inquiries, Garcia replied in the negative. Id.

Before accepting Garcia's guilty plea, the court made sure Garcia understood he was subjecting himself to a maximum penalty

8

of imprisonment up to twenty years, a fine of $1 million, a term of supervised release of three years, and a special assessment of $100. Id. at 19. Garcia was not informed of a statutory minimum related to his offense because the offense for which Garcia was charged carries no statutory minimum.[4] While the court had no duty to explain the sentencing guidelines to Garcia, the court did tell Garcia that the guideline sentence could not be determined by the court until the presentence report was submitted and the court heard the objections to the report, if any. Id. at 9. The court also told Garcia that if he received a sentence that was more severe than he hoped or expected, he would still be bound by his guilty plea.[5] Id. at 20.

Garcia is wrong in his contention that the government impermissibly sought to cause Garcia to be sentenced for a different type of drug than the drug alleged in the indictment. He was indicted for possessing with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. Garcia pleaded guilty to a mixture and substance containing a detectable amount of methamphetamine. At sentencing, Garcia was sentenced for the quantities of methamphetamine listed in the factual resume and reiterated in his presentence report. As indicated in

---

[4]Title 21 U.S.C. § 841(b)(1)(C) carries a sentence imprisonment not more than twenty years, a fine not to exceed $1 million, and a term of supervised release of at least three years.

[5]Insofar as Garcia's motion may be construed to assert an Apprendi claim, such a claim fails because Garcia's sentence does not exceed the statutory maximum. See United States v. Doggett, 230 F.3d 160, 165 (5th Cir. 2000).

his presentence report, the appropriate base offense level for sentencing purposes for a mixture and substance of methamphetamine is either the level determined by the entire weight of the mixture or substance, or the level determined by the weight of the actual methamphetamine, whichever is greater. U.S.S.G. § 2D1.1 n.(B). The court did not violate Rule 11 by not explaining this computation to Garcia before he entered his guilty plea. See White, 912 F.2d at 756.

For all of the foregoing reasons, the court finds it was not objectively unreasonable for St. John to decide against raising this claim on appeal. It is also not reasonable to believe that, but for St. John's decision to not assert this claim, Garcia would have been successful on appeal.

C. Grounds Asserting Ineffective Assistance of Trial Counsel

In order to prevail on an ineffective assistance of trial counsel ground, petitioner must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Here, the record is clearly adequate to

fairly dispose of the ineffective assistance claims except as to one ground. Baldwin v. Maggio, 704 F.2d 1325, 1329 (5th Cir. 1983), cert. denied, 467 U.S. 1220 (1984). A hearing is being ordered as to that ground.

1. Ground That the Plea of Guilty Was Involuntary Due to Tandy's Erroneous Explanation of the Law in Relation to the Facts of Garcia's Case

This ground is presented at pages 12-13 of Garcia's brief in support of his motion. Factual support for the ground is found on pages 2-4 of Garcia's affidavit, attached to his brief. Basically, Garcia's argument is that he would not have pleaded guilty were it not for representations made to him by Tandy concerning factors that would be taken into account in determining his guideline sentencing range. The court questions whether Garcia has presented sufficient facts to justify a hearing on this ground, but in an abundance of caution the court is ordering a hearing, and is appointing counsel to represent Garcia, on this ground. These decisions are influenced by the rulings of the United States Court of Appeals for the Fifth Circuit in United States v. Herrera, 412 F.3d 577 (5th Cir. 2005), and United States v. Grammas, 376 F.3d 433 (5th Cir. 1974). In each of those cases, the Fifth Circuit concluded that an attorney's underestimation of the client's sentencing exposure would represent deficient performance.

2. <u>Garcia's Ground Complaining of Tandy's Conduct
Related to the Giving by Garcia of False Testimony
That Resulted in an Increase in His Offense Level</u>

This ground is presented at pages 14-16 of the brief in support of Garcia's motion. This subject already has been discussed in a different context at pages 5-7 of this memorandum opinion. There is no merit to this ground.

The fact that Tandy may have told Garcia things that were misleading concerning the consequences of the testimony Garcia was to give makes no difference when considered in the context of the explanation given Garcia by the court immediately before he took the stand to give the false testimony that adversely affected his guideline calculations. The court explained to Garcia as he was preparing to take the stand that if he did not tell the truth he in all probability would lose the three-level reduction in his offense level based on acceptance of responsibility and probably would have a two-level increase for obstruction of justice, for a total of five levels greater than he then had. Sentencing Tr. at 4-5. While Tandy may have failed to perform his duties as an attorney in a proper manner, such a failure did not affect the outcome, bearing in mind the court's explanations to Garcia. Having given the false testimony immediately following a full explanation by the court to him as to the consequences of doing so, Garcia cannot be heard to complain that he did not understand what would happen if he gave the false testimony.

3. <u>Failure of Tandy to Procure a Written Plea Agreement for Garcia</u>

This ground is presented by Garcia at pages 23-25 of Garcia's brief in support of his motion. It is without merit. Garcia has made no showing that having a plea agreement with the government would have made any difference in the sentencing outcome. Nor has he made a showing of anything that would suggest that Tandy was derelict in his obligations to Garcia in not insisting on a plea agreement before Garcia pleaded guilty to the offense charged against him in the one-count indictment. The court would not have accepted any plea agreement that had the effect of causing Garcia's sentence to be different from what it would have been absent a plea agreement. If Garcia had pleaded guilty pursuant to a plea agreement, his sentence would have been exactly what it ended up being.

D. <u>Conclusion</u>

For the reasons given, the court concludes that all grounds, except the one described in IV.C.1, are without merit and should be denied. The court is scheduling a hearing on the ground that remains, and is appointing Ronald G. Couch, a member of the bar of this court, to represent Garcia in the prosecution of that ground.

V.

<u>ORDER</u>

For the reasons discussed above,

The court ORDERS that all grounds of Garcia's motion to vacate, set aside, or correct sentence pursuant to 22 U.S.C.

§ 2255, except the ground described in IV.C.1, above, be, and are hereby, denied.

The court further ORDERS that Ronald G. Couch be, and is hereby, appointed to represent Garcia in the prosecution of the ground described in IV.C.1., above.

The court further ORDERS that a hearing on the ground described in IV.C.1., above, be, and is hereby, scheduled at 10:00 a.m. on October 16, 2008, in the Fourth Floor Courtroom of the United States Courthouse, Fort Worth, Texas, and that at such time, date, and place Garcia, court-appointed counsel for Garcia, and counsel for the government are to be present.

The court further ORDERS that the government cause Garcia to be present in Fort Worth at least five (5) business days before the hearing date mentioned above so that his attorney will have ample time to confer with him in preparation for the hearing.

The court further ORDERS that the clerk of court furnish to Ronald G. Couch copies of everything that exists in the file of this action.

SIGNED September 12, 2008.

JOHN McBRYDE
United States District Judge